UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

**GLOBAL HAWK INSURANCE COMPANY (RRG),**

Plaintiff,

v.

**CARLOS VEGA, ET AL.,**

Defendants.

Case No.  15-cv-02093-YGR

**ORDER GRANTING MOTION TO DISMISS AND MOTION TO TRANSFER**

Re: Dkt. Nos. 41, 54

Plaintiff Global Hawk Insurance Company, a Vermont Risk Retention Group with its principal place of business in California, filed its complaint for rescission, declaratory relief, and equitable contribution on May 8, 2015.  (Dkt. No. 1 ("Complaint").)  Plaintiff sued Carlos Vega (doing business as Vega Trucking), a Texas resident; Ibarra Trucking, believed to have a principal place of business in Texas; UFP Transportation, Inc., a Michigan corporation with its principal place of business in Indiana; UFP San Antonio, LLC, a Michigan company with its principal place of business in Texas; Travelers Indemnity Company of Connecticut, which is incorporated and has its principal place of business in that state; and the Estate and family of Edgar A. Seurer, deceased, a probate estate in Texas (the "Estate").  (Complaint ¶¶ 1-6.)  Plaintiff asserts diversity jurisdiction.  (*Id*. ¶ 10.)

Presently before the court are motions filed by *pro se* defendant Vega (Dkt. No. 41) and by the Estate (Dkt. No. 54).  Vega's motion seeks: (1) dismissal based on a purported lack of personal jurisdiction; and (2) alternatively, transfer of venue to Texas pursuant to 28 U.S.C. section 1404(a).  The Estate seeks only to transfer the case to the Western District of Texas.  The Court finds the motions appropriate for decision without oral argument, as permitted by Civil Local Rule

United States District Court
Northern District of California

7-1(b) and Federal Rule of Civil Procedure 78.  *See also Lake at Las Vegas Investors Group, Inc. v. Pacific Malibu Dev. Corp.*, 933 F.2d 724, 729 (9th Cir. 1991).  Thus, the hearing set for December 8, 2015 is **VACATED**.

Having carefully considered the papers submitted, and good cause shown, the Court hereby **GRANTS** defendant Vega's motion to dismiss for lack of personal jurisdiction and **GRANTS** the Estate's motion to transfer to the Western District of Texas.

I.   **BACKGROUND**

According to the complaint, Vega applied for auto insurance with plaintiff in March 2014. (Complaint ¶ 12.)  On the application, Vega noted that he hauled "sand and gravel" and a "Single Trailer," with the other boxes listed on the application form for those sections unchecked.  (*Id.*, Ex. A at 2.)  He also noted that he would not "rent, lease, or sub" his haul vehicle(s) to third parties.  (*Id.*, Ex. A at 2.)  After the application was submitted, plaintiff issued Vega a commercial auto policy, which remained in effect in January 2015, when Edgar Seurer was killed during an accident in Bexar County, Texas.  (Complaint ¶ 24.)  The accident purportedly involved a tractor owned and operated by Vega and an oversized/overweight trailer owned by UFP Transportation, Inc., that was hauling building materials.  (*Id.*)[1]  Vega was allegedly operating an overweight flat-bed trailer hauling over-sized building materials for UFP San Antonio, LLC and UFP Transportation, Inc., pursuant to a master agreement with Ibarra Trucking.  (*Id.* ¶¶ 25-26.)  At the time of the accident, UFP Transportation, Inc. had a commercial auto policy issued by Travelers Indemnity Company of Connecticut.  (*Id.* ¶ 31.)  The Estate has apparently asserted that Vega is liable for Mr. Seurer's fatal injuries.  (*Id.* ¶ 30.)  Plaintiff seeks to rescind Vega's policy as a result of purported misrepresentations and concealment in his application and seeks declaratory judgment establishing that Ibarra Trucking and its insurer, but not plaintiff, are responsible for indemnifying the underlying claim.  (*Id.* ¶¶ 36-55.)  Plaintiff also seeks equitable contribution for any costs of defense or indemnity payments it has or will pay in connection with the underlying claim.  (*Id.* ¶¶ 56-59.)

---

[1] Subsequent allegations in the complaint suggest Vega was driving the trailer, not the tractor.  (*See, e.g.*, Complaint ¶ 25.)

United States District Court
Northern District of California

United States District Court
Northern District of California

## II.    PERSONAL JURISDICTION

### A.    Legal Standard

A motion under Federal Rule of Civil Procedure 12(b)(2) challenges the Court's exercise of personal jurisdiction over a defendant.  Fed. R. Civ. P. 12(b)(2).  Where no federal statute governs personal jurisdiction, the Court applies the law of the state in which it sits; here, California law applies.  *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004).  California law allows for the exercise of "jurisdiction on any basis not inconsistent with the Constitution of the state or of the United States."  Cal. Civ. Proc. Code § 410.10.

Due process requires that the non-resident defendant have either a "substantial, continuous, and systematic" presence in the forum state or sufficient "minimum contacts with [the forum state] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice."  *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).  Where the non-resident defendant's forum-related activities are not "substantial, continuous, and systematic," the Court must evaluate whether the specific activity giving rise to the plaintiff's causes of action is sufficiently related to the forum state.  *See Perkins v. Benguet Consol. Mining Co.*, 342 U.S. 437, 446 (1952); *Hanson v. Denckla*, 357 U.S. 235, 250-53 (1958).

The Ninth Circuit applies a three-part test to determine whether a non-resident defendant's activities are sufficiently related to the forum state to establish personal jurisdiction:

> (1)    The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;
>
> (2)    the claim must be one which arises out of or relates to the defendant's forum-related activities; and
>
> (3)    the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

*Schwarzenegger*, 374 F.3d at 802 (citing *Lake v. Lake*, 817 F.2d 1416, 1421 (9th Cir. 1987)).  The plaintiff bears the burden of demonstrating the first two parts.  *Boschetto v. Hansing*, 539 F.2d 1011, 1016 (9th Cir. 2008).  If the plaintiff fails to satisfy either of these parts, then personal

1   jurisdiction is not established in the forum state.  *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1555

2   (9th Cir. 2006).  If the plaintiff carries this burden, then "the defendant must come forward with a

3   'compelling case' that the exercise of jurisdiction would not be reasonable."  *Id*. (citing

4   *Schwarzenegger*, 374 F.3d at 802).

5        Where, as here, the motion to dismiss is based on written submissions—rather than an

6   evidentiary hearing—the plaintiff need only make a prima facie showing of jurisdiction.

7   *Schwarzenneger*, 374 F.3d at 800.  The plaintiff must make this showing with respect to each

8   claim.  *Fiore v. Walden*, 657 F.3d 838, 858 (9th Cir. 2011).  A plaintiff makes a "prima facie"

9   showing by producing admissible evidence which, if believed, would be sufficient to establish the

10  existence of personal jurisdiction.  *Ballard v. Savage*, 65 F.3d 1495, 1498 (9th Cir. 1995).  In

11  deciding whether such a showing has been made, a district court must accept as true the

12  uncontroverted allegations in the complaint and conflicts between facts contained in the parties'

13  affidavits must be resolved in a plaintiff's favor.  *AT&T v. Compagnie  Bruxelles Lambert*, 94

14  F.3d 586, 588 (9th Cir. 1996).

15       **B.    Analysis**

16       *Pro se* defendant Vega moves to dismiss for a purported lack of personal jurisdiction.  His

17  supporting declaration provides additional details lacking in the complaint regarding the

18  circumstances surrounding his insurance application.  Specifically, he states that he applied for the

19  policy with a local agent in San Antonio, Texas, and paid premiums directly to that agent.  In

20  opposing the motion, plaintiff does not contradict these circumstances or cite any case law

21  wherein personal jurisdiction was established in like circumstances.  Indeed, plaintiff asserts no

22  specific factual allegations establishing Vega had any knowledge that he was applying for or

23  obtaining a policy connected to California.  To the contrary, the documents attached to the

24  complaint and presumably provided to Vega reflect that plaintiff is a Vermont corporation, making

25  no mention of its principal place of business being in California.  (*See* Dkt. No. 1-2 at 4.)

26  Moreover, as noted by Vega and alleged in the complaint, the policy at issue was apparently

27  limited to coverage in or around Texas.  Thus, Vega's motion to dismiss for lack of personal

28  jurisdiction is **GRANTED**.

United States District Court
Northern District of California

4

United States District Court
Northern District of California

### III.    TRANSFER UNDER 28 U.S.C. SECTION 1404(a)

#### A.    Legal Standard

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The purpose of section 1404(a) is to "prevent the waste of time, energy and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." *Van Dusen v. Barrack,* 376 U.S. 612, 616 (1964) (internal quotation marks omitted). Courts considering transfer must first determine whether the action could have been brought in the target district in the first instance. *See Hoffman v. Blaski*, 363 U.S. 335, 343-44 (1960). The action could have been brought in a court that has subject matter jurisdiction over the claims and personal jurisdiction over the defendant, and where venue would have been proper. *See id*.

If the action could have been brought in the target district, courts then undertake an "individualized, case-by-case consideration of convenience and fairness." *Stewart Org., Inc. v. Ricoh Corp.,* 487 U.S. 22, 29 (1988) (quoting *Van Dusen,* 376 U.S. at 622) (internal quotations omitted). In conducting this step of the analysis, the district court has broad discretion in deciding whether to grant transfer. *See Ventress v. Japan Airlines*, 486 F.3d 1111, 1118 (9th Cir. 2007); *Jones v. GNC Franchising, Inc.,* 211 F.3d 495, 498 (9th Cir. 2000). Relevant factors the Court may consider include:

> (1) plaintiffs' choice of forum, (2) convenience of the parties, (3) convenience of the witnesses, (4) ease of access to the evidence, (5) familiarity of each forum with the applicable law, (6) feasibility of consolidation with other claims, (7) any local interest in the controversy, and (8) the relative court congestion and time of trial in each forum.

*Vu v. Ortho-McNeil Pharm., Inc.*, 602 F. Supp. 2d 1151, 1156 (N.D. Cal. 2009); *see also Royal Queentex Enters. v. Sara Lee Corp.*, No. C-99-4787, 2000 WL 246599, at *2 (N.D. Cal. March 1, 2000) (citing *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986)); *Jones*, 211 F.3d at 498-99 ("A motion to transfer venue under § 1404(a) requires the court to weigh multiple factors in its determination [of] whether transfer is appropriate in a particular case." (citing *Ricoh Corp.*, 487 U.S. at 29)). This list is non-exclusive and courts may consider

United States District Court
Northern District of California

other factors. *See Williams v. Bowman*, 157 F.Supp.2d 1103, 1106 (N.D. Cal. 2001) (noting that this list of factors "does not exhaust the possibilities" and highlighting differing combinations of factors used by courts in conducting this analysis). The moving party carries the burden to show that the transferee district is the more appropriate forum. *Jones*, 211 F.3d at 499.

## B.    Analysis

As noted above, the Court has granted defendant Vega's motion to dismiss, and so need not consider his alternative request for a transfer of venue. Therefore, the Court addresses only the Estate's unopposed[2] motion to transfer.

### 1.    This Action Could Have Been Brought in the Western District of Texas

Plaintiff does not dispute that this action could have been brought in the Western District of Texas. First, plaintiff alleges diversity jurisdiction, which would present the Western District, like this District, with subject matter jurisdiction over the instant action. (Complaint ¶ 10.) Second, according to the allegations in the complaint, most of the defendants are Texas residents or else conduct business within the state, likely subjecting them to general or specific personal jurisdiction within the state. *See Guardian Royal Exch. Assur., Ltd. v. English China Clays, P.L.C.*, 815 S.W.2d 223, 226 (Tex. 1991). Third, venue would have been proper in the Western District at the time this suit was filed because a substantial part of the events or omissions relevant to this case—namely, the insurance application and the accident in question—occurred there. *See* 28 U.S.C. § 1391(b)(2); *Zurich Am. Ins. Co. v. Tejas Concrete & Materials Inc.*, 982 F. Supp. 2d 714, 721 (W.D. Tex. 2013) (noting venue may be proper in multiple districts and the "substantial part" test does not require that the transferee venue be the *best* venue). For all of these reasons, step one in the analysis is satisfied.

### 2.    Convenience and Fairness Factors Weigh in Favor of Transfer

The Court now moves to the second step of the analysis and considers the relevant convenience and fairness factors, namely: (a) plaintiff's choice of forum; (b) convenience to the

---

[2] Plaintiff failed to file an opposition to the Estate's motion by the deadline. However, plaintiff did file a perfunctory opposition to Vega's motion to transfer, so the Court will address the relevant factors below.

parties; (c) convenience to witnesses; and (d) any local interest in the controversy.[3]  The Court addresses each in turn.

### a. The Plaintiff's Choice of Forum

While a plaintiff's choice of forum always weighs against transfer under section 1404(a), a court considering transfer must determine how much weight to give this choice under the circumstances.  *See, e.g., Vu v. Ortho-McNeil Pharmaceutical, Inc.*, 602 F.Supp.2d 1151, 1156-57 (N.D. Cal. 2009); *Getz v. Boeing Co.*, 547 F.Supp.2d 1080, 1082-83 (N.D. Cal. 2008).  Generally, a plaintiff's choice of forum is entitled to considerable weight and a defendant must make a strong showing of inconvenience to warrant upsetting this choice.  *Decker Coal Co. v. Commonwealth Edison Co.,* 805 F.2d at 834, 843 (9th Cir. 1986).  However, the plaintiff's choice is given less deference where the plaintiff is not a resident of the district and the operative facts did not occur in that district.  *See Vu*, 602 F.Supp.2d at 1156.  While plaintiff's principal place of business is in California, many of the relevant circumstances occurred outside of this District.  Nevertheless, this factor weighs against transfer.

### b. Convenience of the Parties

"Convenience of the parties is an important factor to consider for transfer of venue."  *Flint v. UGS Corp.*, 2007 WL 4365481, at *3 (N.D. Cal. Dec. 12, 2007).  In this case, the Western District will be a more convenient forum for most if not all of the defendants, who are located in or near the state.  Moreover, courts in this District have recognized that transfer is less inconvenient for plaintiffs at the outset of litigation.  *See U.S. ex rel. Swan v. Covenant Care Inc.*, 1999 WL 760610, at *3 (N.D. Cal. Sept. 21, 1999) ("Plaintiffs will not be inconvenienced by a transfer of the action at this point because the litigation is relatively young, and this court has not yet become greatly involved in this litigation.").  This litigation is still in its infancy, as the pleadings are not yet settled.  The Court finds that this factor favors transfer.

---

[3] The other factors were not briefed and do not appear particularly relevant.

United States District Court
Northern District of California

United States District Court
Northern District of California

### c. Convenience of the Witnesses

The relative convenience to the witnesses is the most important factor in a section 1404(a) analysis, and the convenience of non-party witnesses is more important than the convenience of the parties. *Clark v. Sprint Spectrum L.P.*, 2010 WL 5173872, at *3 (N.D. Cal. Dec. 15, 2010). As to plaintiff's claims regarding purported misstatements in the insurance application, the agent who sold the policy is purportedly located in Texas, and the accident in question also occurred there, such that a number of percipient witnesses are also located in the state. While plaintiff's principal place of business is in California and thus a number of its employees may be located here, plaintiff has not demonstrated that those individuals are likely witnesses in this matter and, moreover, the convenience of a party's employee witnesses is entitled to little weight because they can be compelled by their employers to testify regardless of venue. *See STX, Inc. v. Trik Stik, Inc.*, 708 F. Supp. 1551, 1556 (N.D. Cal. 1988) (noting that the convenience of a party's employee witnesses "must be discounted" in the analysis). Thus, this factor favors transfer.

### d. Local Interest in the Controversy

Finally, the Court considers the local interest in deciding local controversies. *See Van Slyke v. Capital One Bank*, 503 F. Supp. 2d 1353, 1365 (N.D. Cal. 2007) (citing *Decker Coal*, 805 F.2d at 843). Here, as noted above, many of the specific events at issue in this dispute occurred in or around the Western District. *See Vu*, 602 F. Supp. 2d at 1157 (finding that, while the transferee district's interest was not substantially stronger than the transferor's, it "nevertheless remains stronger because the events at issue took place there"). The Court finds this factor to weigh in favor of transfer.

### e. Balancing the Discretionary Factors

Balancing the fairness and convenience factors favors transfer to the Western District of Texas. The vast majority of the events giving rise to plaintiff's suit occurred there and almost all of the defendants are located in the area, as are most of the anticipated witnesses. The Court therefore concludes that transfer will serve the convenience of the parties and the witnesses and promote the interests of justice.

IV.   **CONCLUSION**

For the foregoing reasons, the Court **GRANTS** defendant Vega's motion to dismiss and **GRANTS** the Estate's motion to transfer this action to the Western District of Texas.

The Clerk is directed to transfer the file in this case to the Western District of Texas.

This Order terminates Docket Numbers 41, 54.

**IT IS SO ORDERED.**

Dated: November 30, 2015

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**